IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELLIOTT LOUIS KING, <br><br> Defendant. | ORDER DENYING MOTION TO EXCLUDE KIK AND VERIZON RECORDS <br><br> Case No. 2:19-cr-00287-JNP <br><br> District Judge Jill N. Parrish |

Before the court is defendant Elliott Louis King's motion to exclude from evidence records produced by Kik and Verizon. ECF No. 175.[1] King argues that the records should be excluded because the Government has not properly authenticated them under Rule 901 of the Federal Rules of Evidence. King also contends that the records should be excluded as hearsay because they do not qualify for the business records exception described in Rule 803(6). The court finds that the government adequately authenticated the records at the hearing held before the court on January 25, 2023. The court also concludes that the records are not hearsay. Accordingly, the court DENIES the motion.

I.      **AUTHENTICITY**

The government seeks to introduce into evidence Verizon records associated with King's cellular service as well as Verizon records related to an internet protocol (IP) address. The government also seeks to introduce Kik records of subscriber data for the account louisckbd_bwk

---

[1] Although filed as a post-hearing brief, this document functions as a motion to exclude.

as well as IP addresses associated with this account. The court held a pretrial evidentiary hearing to determine the admissibility of these records.

At the hearing, a support staffer for the FBI testified that he sent a subpoena to Verizon's custodian of records requesting King's subscriber data and records related to an IP address. He further testified that he received a message from Verizon that the requested documents were available on a secure portal. The support staffer accessed the secure portal on August 9, 2019, and retrieved the records provided by Verizon as responsive to the subpoena. The support staffer then forwarded the documents to an FBI agent who stored the documents in a secure electronic evidence folder maintained by the FBI.

The government also presented the testimony of another FBI support staffer, who sent a subpoena to Kik's custodian of records requesting subscriber information and IP address data for the account louisckbd_bwk. Kik emailed responsive documents to the support staffer on May 27, 2019. The support staffer forwarded the documents to the FBI agent, who then uploaded them to the secure electronic evidence folder.

King argues that the Verizon and Kik documents provided pursuant to the subpoenas should be excluded because the documents have not been properly authenticated. King contends that the government has not properly authenticated the Verizon documents because Verizon did not retain the records in its computer system and can no longer compare the documents provided pursuant to the subpoena with the company's current records. King also argues that the Kik records have not been authenticated because the IP address records were also not retained in Kik's computer system. Additionally, Kik was acquired by another company several months after Kik responded to the FBI subpoena. Accordingly, Kik's current custodian of records had no personal knowledge of how the prior iteration of Kik retained and produced records.

The court disagrees with King and finds that the government has properly authenticated the Verizon and Kik records. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). One method of authenticating a document is showing that it was produced pursuant to a subpoena. "A person complying with a . . . subpoena in a criminal case implicitly avers that the matter produced is the evidence requested." 5 WEINSTEIN'S FEDERAL EVIDENCE § 900.07[2][a] (2022); *accord United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982) ("Even Brown admits that if he had produced the documents personally in response to the subpoena, the very act of producing them and representing them to be the documents described in the subpoena would have authenticated them."). The government has proven that the records they seek to introduce were provided by the official records custodians of Verizon and Kik in response to subpoenas served by the government. The court further finds that the government has established the chain of custody from the time they were produced until they were presented to the court.[2] The fact that the custodians of the records of Verizon and Kik produced the documents in response to a subpoena served by the FBI is sufficient to authenticate the records.

Although this subpoena evidence is sufficient to authenticate the records, the government also presented additional authentication evidence. Verizon's custodian of records testified that the records retained by the government were similar in appearance to records routinely produced by Verizon and that any records provided by the company in response to a subpoena would have

---

[2] Defense counsel conceded at the evidentiary hearing that King does not allege that FBI personnel altered or fabricated the documents provided by Verizon and Kik.

reflected accurate records at the time of the production. *See Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 419 (S.D.N.Y. 2011) ("Authenticity may be . . . based upon '[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'") Moreover, although Kik did not retain the IP address data that it produced to the government, it did retain the subscriber information. The fact that subscriber information in Kik's database matches the information contained in the 2019 subpoena response further bolsters the authenticity of the production. Finally, the Kik logo is affixed to the documents, which contain the following statement "Below you will find the most recent basic subscriber data and recent IP address(es) if available, associated to the Kik account: louisckbd_bwk." This statement further affirms that the Kik records are what the government purports them to be.

In sum, the government has presented sufficient evidence to authenticate the Verizon and Kik records. King, of course, may challenge the reliability of the documents at trial. But those arguments would go to the weight of the evidence, not admissibility. *See United States v. Isabella*, 918 F.3d 816, 844 (10th Cir. 2019). The court overrules King's authentication objection.

## II.     HEARSAY

King also argues that the Verizon and Kik records should be excluded because they constitute hearsay and do not qualify for the business records exception to the hearsay rule. The court overrules this objection because the records are not hearsay.

"Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005). Rule 801(a) defines a "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Under Rule 801(b), the term "declarant" means "the person who made the statement."

Because hearsay is an out-of-court statement made by a person, computer generated records are not hearsay and are not excludable under Rule 802. *Hamilton*, 413 F.3d at 1142 (holding that computer-generated information associated with images posted to a newsgroup was not hearsay because the "information was generated instantaneously by the computer without the assistance or input of a person"); 5 WEINSTEIN'S FEDERAL EVIDENCE § 900.07[1][a] (2022) ("Computer-generated data, which includes metadata, automatic teller machine transactions, and direct-dialed telephone calls, are extrajudicial statements that are not hearsay. In these circumstances, there is no declarant making a statement.").

The Verizon and Kik records at issue here are computer-generated. No human was involved in recording the subscriber information or the IP addresses associated with the use of Verizon and Kik's services. This information was automatically recorded by Verizon's and Kik's computers. Because there is no declarant for these records, they are not hearsay. Accordingly, the court overrules King's hearsay objection.

## CONCLUSION

The court overrules King's objections to the admissibility of the Verizon and Kik records.

DATED January 27, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge