IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ELLIOTT LOUIS KING,<br><br>  Defendant. | AMENDED MEMORANDUM DECISION AND ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA[1]<br><br>Case No. 2:19-cr-00287-JNP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Eliot Louis King's motion to withdraw his guilty plea. ECF No. 212. The court DENIES the motion.

## BACKGROUND

An individual using the screen name "Louis King" on a messaging application called Kik sent images of child pornography to an undercover agent. The government subpoenaed records from Kik and Verizon to ascertain the identity of this person. Based on these records, the government determined that defendant King was the individual who had sent the images and charged him with distribution of child pornography.

The parties indicated that King would likely go to trial, and the court entered a trial order establishing a January 30, 2023 trial date and setting pretrial deadlines for motions in limine, jury instructions, and other matters. The court's order required the government and King to exchange all exhibits to be presented at trial by December 15, 2022. King's counsel did not provide any

---

[1] The court issues this amended order to correct the date of the hearing on the motion to exclude the Kik and Verizon records. The original order stated that the hearing was held on January 19, 2023. The hearing was actually held on January 25, 2023.

documents to the government. King later moved to exclude the Kik and Verizon records from evidence, arguing that they constituted inadmissible hearsay and that the government could not authenticate these documents. On January 25, 2023, the court held a hearing over Zoom on this motion, which King attended. On January 27, 2023, the court denied King's motion to exclude the Kik and Verizon records. Later that same day and the following day, King discussed the court's order with his attorney through text messages.[2] King and his attorney discussed the chances of overturning the court's ruling on the admissibility of the Kik and Verizon records, and King asked whether his lawyer knew of a good appellate attorney. In a January 28, 2023 text message, King's attorney stated:

> Following up on our conversation yesterday, I think pleading guilty (with or without a deal) would put you in the best position to avoid a lengthy prison sentence. The reason for this is that our defense is essentially gone after the judge's ruling yesterday. I believe the chance of conviction is high.

Later that same day, King agreed to change his plea, and the parties informed the court that the January 30, 2023 trial would not go forward.

On January 30, 2023, King signed a "Statement by Defendant in Advance of Plea of Guilty and Plea Agreement" (Statement in Advance of Plea). In this statement, King acknowledged that he had knowingly distributed child pornography. He further averred:

> 6.   I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:
>
>   . . .
>
>   d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those

---

[2] King waived the attorney-client privilege for several of these text messages by quoting them in his declaration submitted to the court in conjunction with his motion to withdraw his guilty plea.

>witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.
>
>. . .
>
>h. It requires a unanimous verdict of a jury to convict me.
>
>i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.
>
>7. If I plead guilty, I will not have a trial of any kind.

Later that day, the court held a change of plea hearing. During the plea colloquy, the court explained to King the rights he would be giving up by pleading guilty:

>THE COURT: At trial you would have the right to assistance from your attorney. You would have the right to see and hear all of the witnesses and to have your attorney cross-examine them in your defense. You would not be required to call any witnesses of your own, and you would not be required to take the stand or testify on your own behalf, but if you wanted to do those things, you could. And you would have the right to compel witnesses to appear and testify on your behalf. Do you understand that?
>
>MR. KING: Yes, Your Honor.
>
>. . .
>
>THE COURT: At any trial you would have the right to have your case decided by an impartial jury of 12 people who would have to agree unanimously that you were guilty and that the government had proven your guilt beyond a reasonable doubt. But if you plead guilty, there will be no trial. Do you understand that?
>
>MR. KING: Yes, Your Honor.
>
>THE COURT: All right. By pleading guilty, you will also be giving up the right to appeal your conviction. Do you understand that?
>
>MR. KING: Yes, Your Honor.

The court also reviewed the factual basis for King's guilty plea with him. King conceded that he had sent images depicting prepubescent children engaged in explicit sexual conduct with adults to

3

an undercover officer on Kik. At the conclusion of the plea colloquy, King pled guilty to distribution of child pornography. The court set a sentencing date for May 31, 2023.

After King changed his plea, King hired a new attorney to represent him at sentencing. On April 14, 2023, King moved to continue his sentencing date by 90 days in order to allow him additional time to complete a psychosexual evaluation and to give the U.S. Probation Officer (USPO) assigned to his case time to incorporate the results of the exam into the presentence report. The court granted a continuance and set the sentencing hearing for September 13, 2023. At the request of the USPO, the court later set the sentencing hearing for October 20, 2023. In September 2023, King replaced his attorney again. On September 15, 2023, King moved to continue his sentencing by 90 days to allow his new attorney time to review the case and prepare for sentencing. The court granted a continuance and set a sentencing date for January 18, 2024.

On October 17, 2023, about eight and a half months after King changed his plea, he filed the instant motion to withdraw his guilty plea. King asserts two principal arguments. First, he contends that his decision to enter a guilty plea was not knowing and voluntary because he did not understand that he would waive his right to appeal the court's denial of his motion to exclude the Kik and Verizon records. Second, he asserts that he should be allowed to withdraw his guilty plea because the court failed to confirm that he understood that he would be able to "present evidence" if he elected to go to trial, as required by Rule 11(b)(1)(E) of the Federal Rules of Criminal Procedure.

## LEGAL STANDARD

A defendant may withdraw a guilty plea before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). "The defendant bears the burden of establishing a 'fair and just reason.'" *United States v. Hamilton*, 510

4

F.3d 1209, 1214 (10th Cir. 2007). "Although a defendant's motion to withdraw a plea before sentencing should be 'freely allowed and treated with liberality,' a trial court's decision on this issue is nevertheless discretionary." *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997) (citation omitted).

## ANALYSIS

I.  **KNOWING WAIVER OF APPELLATE RIGHTS**

Courts in the Tenth Circuit look to seven factors when determining whether to allow the withdrawal of a guilty plea: (1) whether the defendant asserted his innocence; (2) whether the plea was knowing and voluntary; (3) whether the defendant received ineffective assistance of counsel; (4) whether the defendant delayed in filing the motion; (5) whether there would be prejudice to the government; (6) whether there would be inconvenience to the court; and (7) whether judicial resources would be wasted. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). If the first three factors, which speak to the defendant's reasons for withdrawal, weigh against the defendant, the court need not consider the remaining four factors, which speak to the potential burden on the government and the court. *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009). Courts may also consider an additional factor: the likelihood of conviction if the defendant goes to trial. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014).

   A. *The Reason For Withdrawal Factors*

King argues that the court should allow him to withdraw his guilty plea because it was not knowing and voluntary. Specifically, he asserts that he did not understand that he would not be able to challenge his conviction by appealing from the court's order denying his motion to exclude the Kik and Verizon records if he changed his plea. The court finds, however, that King has not shown that his change of plea was not knowing or voluntary.

During the plea colloquy King acknowledged that he understood that by pleading guilty he was waiving his right to appeal his conviction. Both the Supreme Court and the Tenth Circuit have long held that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *accord United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014). Accordingly, "the truth and accuracy of [a defendant's] statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *United States v. Dominguez*, 998 F.3d 1094, 1106 (10th Cir. 2021) (alteration in original) (citation omitted).

King contends that the court should disregard his statement in court that he understood that he was waiving his right to appeal from his conviction because he was confused by the Statement in Advance of Plea that he had signed earlier that day. In this document, King acknowledged the following:

> 6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:
>
> . . .
>
> h. It requires a unanimous verdict of a jury to convict me.
>
> i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.
>
> 7. If I plead guilty, I will not have a trial of any kind.

Focusing on the phrase "If I were to be convicted, I could appeal" in subdivision i, King asserts that this language led him to believe that pleading guilty would not affect his ability to appeal from his conviction. King argues that this confusion invalidated his subsequent statement in court that he understood that he would not be able to appeal from his conviction.

The court does not credit King's post hoc claim of confusion. The Statement in Advance of Plea clearly states that King would have a right to appeal *if he went to trial* and were convicted. Indeed, in the sentence immediately preceding subdivision i, King acknowledges that if he went to trial he could be convicted only by a unanimous jury. Taken in context, the phrase "If I were to be convicted" refers to a hypothetical conviction after a jury trial. Moreover, the sentence immediately after subdivision i notified King that he would not have a jury trial if he pled guilty. Thus, King's claim that the Statement in Advance of Plea caused him to be confused about the court's statement in the plea colloquy is not credible.

King also points to his text conversation with his lawyer before he reached a plea agreement with the government. After the court denied King's motion to exclude the Kik and Verizon records, King sent a text message to his trial attorney asking him about his odds of prevailing on an appeal from the order. King's attorney responded that he couldn't say because he does not engage in appellate work. King followed up by asking his attorney if he knew of any appellate attorneys. King's attorney responded that he did not know of any appellate specialists in the private sector, but he included cocounsel on the message in case they knew of any appellate attorneys. Significantly, however, King does not assert that his attorneys ever advised him that he would retain the ability to appeal his conviction if he pled guilty.[3] Any communications regarding chances on appeal or requests for appellate attorney references *before* he agreed to a plea deal do

---

[3] During the plea colloquy, one of King's attorneys stated that all three of his attorneys: "spent multiple, multiple hours over the weekend reviewing the [plea] agreement and all the consequences of the plea, and reviewing with Mr. King his rights, and what our advice was in this matter."

not contradict King's assertion in court that he understood that he was waiving his right to appeal by pleading guilty.

Finally, King points to *United States v. Herring*, 935 F.3d 1102, 1109 (10th Cir. 2019), which held that defense counsel had provided ineffective assistance by failing to consult with his client about filing an appeal after the entry of a criminal judgment. But that case dealt with an ineffective assistance claim against an attorney based on his failure to appeal from a judgment. It had nothing to do with the standard for withdrawing a guilty plea. King does not assert an ineffective assistance of counsel claim. Nor does he explain how this case relates to his claim that the court should disregard his affirmation in court that he understood that his guilty plea would waive his right to appeal from his conviction.

In short, King has failed to overcome the "strong presumption" of the truthfulness of his statement in court that he understood that pleading guilty would waive his right to appeal from his conviction. Thus, King has not carried his burden of showing that his change of plea was not knowing or voluntary. And King does not argue that he should be allowed to withdraw his plea because he has asserted his innocence or because of ineffective assistance of counsel. Because King has not established a reason for permitting withdrawal of his guilty plea under the first three factors, the court need not address the remaining four factors, which go to potential burdens on the government and the court associated with the withdrawal of a guilty plea. *See Byrum*, 567 F.3d at 1265.

B.   *The Burden Factors and Likelihood of Conviction*

The court notes, however, that the remaining factors support the court's ruling that King may not withdraw his guilty plea. The burden to the government, inconvenience to the court, and waste of judicial resources factors are neutral. Although the government and the court would have

to expend time and resources for a trial, the court concludes that these are not alone sufficient reasons to deny a defendant's motion to withdraw a guilty plea. It is the function of both the court and prosecutors to facilitate a trial when necessary. King's delay in filing his motion, however, weighs against granting leave to withdraw his plea. King waited over eight months before filing his motion to withdraw his plea. He blames one of his attorneys for this delay. But King states in his declaration only that he pressed his attorney to file a motion to withdraw on May 25, 2023, almost four months after he had changed his plea. The Tenth Circuit has found that delays of three months and four months weigh against granting a motion to withdraw a guilty plea. *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996) (three-month delay weighed against the defendant because delays of this length "often result in substantial prejudice to the government and may suggest manipulation by the defendant"); *United States v. Hasson*, 287 F. App'x 712, 717 (10th Cir. 2008) (unpublished) (delay of almost four months weighed against defendant).

The likelihood of conviction factor also weighs against granting leave to withdraw. Importantly, King has not asserted his innocence. King's only realistic defense at trial would be to cast doubt on the government's assertion that he was the individual who transmitted the child pornography to the undercover agent. The government, however, has overwhelming evidence that King was the person who sent the images, including: (1) the "Elliot King" screen name; (2) the Kik profile picture of a torso with a distinctive tattoo that King has in the same location; (3) Kik, Verizon, and Comcast records linking the Kik account to King's email address and home address,

and (4) King's admission in the Statement in Advance of Plea and during the plea colloquy that he sent the images.[4]

Citing an opinion from the United States Navy-Marine Corps Court of Criminal Appeals, King argues that the court erred by denying his motion to exclude the Kik and Verizon records. *See United States v. Marsden*, No. 202100259, 2023 CCA LEXIS 101 (N-M Ct. Crim. App. Feb. 28, 2023). But this non-binding case applied the Military Rules of Evidence and associated body of law rather than the Federal Rules of Evidence and turned on unique facts. King fails to articulate any argument as to how the court erred in denying his motion to exclude the records and has not convinced the court that it would rule differently on a motion to reconsider. King also argues that his admissions in his Statement in Advance of Plea are not admissible because his change of plea was not knowing and voluntary. *See United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011) ("If a guilty plea is not knowing and voluntary, it is void, and any additional waivers in the plea agreement generally are unenforceable." (citation omitted)). But the court has concluded that his

---

[4] The court specifically notified King that his admissions during the plea colloquy would be admissible at trial if he withdrew his guilty plea:

> THE COURT: . . . I will be asking you some questions later on to find out if there [is] a factual basis for your guilty plea. And if you answer those questions and then later fail to fulfill your obligations under the plea agreement, of if you try and withdraw your guilty plea, any statements that you make to me later in this hearing about the facts of this case will be admissible at any trial, hearing, or other proceeding. Do you understand that?
>
> MR. KING: Yes, Your Honor.
>
> THE COURT: You won't be able to take back any admissions that you make today. Do you understand?
>
> MR. KING: Yes, Your Honor.

guilty plea was knowing and voluntary. Moreover, King has not argued that his admission of guilt during the plea colloquy would be inadmissible at trial. Accordingly, the court rejects King's arguments and finds that the government has established a strong likelihood of conviction.

In short, King's delay in seeking to withdraw his plea and the likelihood of a conviction further support the denial of King's motion to withdraw his plea.

## II. NOTICE OF THE RIGHT TO "PRESENT EVIDENCE" AT TRIAL

Prior to accepting a guilty plea, Rule 11(b)(1) requires the court to "inform the defendant of, and determine that the defendant understands," a list of fifteen things. One of the items on this list is "the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." FED. R. CRIM. P. 11(b)(1)(E). During the plea colloquy, the court confirmed that King understood that if he chose to go to trial his attorney could cross-examine adverse witnesses, he could testify if he wished, and he could compel witnesses to appear and testify on his behalf. But the court did not specifically inform King of his right to "present evidence." King argues that this right to present evidence is broader than the right to solicit witness testimony because "evidence" also includes exhibits. Thus, he contends that the court did not fully comply with its Rule 11 obligations because it did not inform him of his right to present documents to the jury as part of his defense at trial.

The Supreme Court has held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *McCarthy v. United States*, 394 U.S. 459, 463–64 (1969). But Rule 11 was subsequently amended to create an exception to this broad holding. Rule 11(h) currently states: "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." The

Tenth Circuit has construed this language to require the defendant to "show that knowledge of the omission or variance from Rule 11 '*would have* changed his decision to plead guilty.'"[5] *United States v. Wright*, 930 F.2d 808, 810 (10th Cir. 1991) (citation omitted).

In support of King's contention that he was prejudiced by the court's failure to notify him of his right to present documentary evidence at trial, he provided a declaration in which he states:

> At the time of my change of plea hearing, I also did not understand that I could have my attorneys present evidence at trial. . . . From what I recall, and from my review of the change of plea transcript, I was never told by this Honorable Court that I could have my attorneys present evidence at trial. Based on my Statement [in Advance of Plea] and my plea colloquy, I believed that I could testify, and that I could have witnesses testify on my behalf, but I did not understand that me and/or my witnesses could present digital or documentary evidence at trial. Had I understood that I could present evidence at trial (and not just have witnesses testify), I would not have entered a plea of guilt[y].

The court finds that King's declaration is insufficient to show that he would not have pled guilty if the court had informed him of his right to present evidence at trial.

First, King's assertion that he was unaware that he could introduce documents into evidence at trial is not credible. The court's trial order required the parties to exchange all exhibits about six weeks before the trial date. Moreover, King attended a pretrial hearing in which his attorneys argued that the court should exclude the government's Kik and Verizon records from evidence at trial. After the court denied the motion, King's text messages with one of his attorneys reveals that he knew of the motion to exclude these documents and that he viewed the motion as

---

[5] Because Rule 11(h) and caselaw interpreting this provision govern whether a deviation from the requirements of Rule 11 warrant leave to withdraw a guilty plea, the court does not consider the seven factors outlined in *United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993) in evaluating King's Rule 11 argument.

central to his defense strategy in this case. Given his clear knowledge that the government would introduce documents into evidence at trial, the court does not credit his assertion that he was unaware of his ability to do the same.

Second, the court does not believe King's claim that he would not have entered a guilty plea if the court had advised him of his right to present evidence. King's defense strategy was based on the premise that he could successfully object to the admission of the government's incriminating documentary evidence. He has failed to identify any exculpatory documentary evidence that he would have offered as a defense. King's counsel did not provide any proposed exhibits to the government by the deadline set by the court. More importantly, King has not identified any documents that that he was aware of at the time that he changed his plea that would have undermined the government's case against him. King's failure to identify a single document that he had viewed as important to his defense, either in his declaration or in his briefing after the government specifically raised this issue, belies his generic assertion that he would not have pled guilty if he had known about his right to offer documentary evidence at trial. *See United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993) (holding that a defendant's "mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice").

Because King has failed to present any credible evidence that he would not have pled guilty if the court had specifically informed him of his right to present documentary evidence at trial, the court finds that its failure to do so was harmless error under Rule 11(h). *See United States v. Gomez-Cuevas*, 917 F.2d 1521, 1525 (10th Cir. 1990) ("The failure to advise a criminal defendant of his right to confront and cross-examine witnesses is harmless error when the guilty plea is voluntary and the defendant understands the nature of the charges against him."); *United States v.*

*Barry*, 895 F.2d 702, 705 (10th Cir. 1990) (failure to notify defendant that if he were sentenced to prison time he would also be subject to a term of supervised release was harmless error).

## CONCLUSION

For the above-stated reasons, the court denies King's motion to withdraw his guilty plea.

DATED August 26, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge